A. SÁNCHEZ & CO. S. EN C. *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of San Germán.

No. 54.—Decided June 3, 1910.

RECORD OF A HOUSE NEWLY CONSTRUCTED OR REBUILT.—Neither the Mortgage Law nor the Regulations for the execution thereof, provide what class of title must be presented to secure the record of a house newly constructed or rebuilt.

ID.—DECISION OF THE GENERAL DIRECTORATE OF REGISTRIES OF SPAIN—BUILDING APPURTENANT TO SOIL.—According to the decision of the General Directorate of Registries of Spain, of August 22 and 31, 1863, it was not necessary to record a house rebuilt on a lot already recorded, nor to show possession thereof, because the building is appurtenant to the soil, and if the lot is recorded the building must also be considered to be recorded.

ID.—Subsequently, by its decision of December 22, 1898, it was held that, although a deed wherein different improvements to an urban property are made to appear, is not included under the titles which, according to the Mortgage Law and the Regulations for the execution thereof, are subject to record, it is also true that there is no provision whatever which either directly or indirectly prohibits the record thereof in the books of registrars of property, and such record, far from being improper, is beneficial to the property owner and to third persons, because by such a formality the description of the property in the registry will immediately show the true condition thereof, without the necessity of waiting until a deed or contract is executed which is necessarily subject to record.

ID.—CURABLE DEFECTS—NONCOMPLIANCE WITH MUNICIPAL ORDINANCES.—In accordance with the doctrine above set forth, a deed describing the improvements made upon a house which was already recorded in the registry, said improvements belonging to the owner by accession, is recordable, and should have been admitted to record without the curable defects "that it is not shown that the house was built and that the declaration of the builder who constructed it was not attached; that no permission for the building thereof was obtained from the municipal council, nor had the latter declared that said building complies with the necessary requirements of safety, as provided for by municipal ordinance."

The facts are stated in the opinion.

*Mr. M. Juan Llaneras* for appellant.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

By a public deed executed on February 27, 1909, Antonio Sánchez y González, as the managing partner of the commercial firm of "A. Sánchez & Co. S. en C., doing business in San Germán, acquired by purchase from Ernesto Forestier y Ruiz the house numbered 45 on Comercio Street of said city, measuring 6 meters and 78 centimeters wide, with its court inclosed by a masonry construction, where formerly stood a frame kitchen with a shingle roof, and at the date of the deed an addition constructed of masonry with a galvanized iron roof adjoining said house, the house and the adjoining addition measuring 14 meters in depth by 17 meters and 78 centimeters in width."

As stated in the deed, Forestier had acquired the house by purchase from Juan N. Peralta y López and constructed the addition at his own expense.

That deed was recorded in the Registry of Property of San Germán on April 15 of the present year, without any other defect than that it was not shown that Antonio Sánchez y González was the managing partner of the firm.

In another public deed executed on November 5, 1909, the said Antonio Sánchez González, in his capacity as managing partner of the firm above-mentioned, set forth that he had built at his expense a second story to the said house constructed of masonry, 6 meters and 78 centimeters wide by 14 meters deep, and in addition to the said second story, upon the ground floor an addition constructed by the former owner, Ernesto Forestier y Ruiz, in the original courtyard, the present description of the property being as follows:

"A two-story masonry house, the first floor being constructed of stone and brick, and the second of blocks with a balcony fronting on Carro Street, with a galvanized-iron roof situated on Comercio Street in San Germán, marked No. 45; bounded on the right in entering by a masonry house formerly belonging to Sebastián Esteva and now to Domingo Serrano; on the left by Carro Street; at the rear by Manzanares Street. The property measures 6 meters and 78 centime-

ters in width by 14 meters in depth. It has an addition built of masonry, one floor, roofed with galvanized iron, and the said addition measures 11 meters in width fronting on Comercio Street by 14 meters in depth, the same as the main house. Upon a part of this addition a second floor has been constructed fronting on Manzanares Street, built of masonry, or blocks and frame, and covered with galvanized iron.''

The said deed was presented to the Registrar of Property of San Germán for record, which was entered on April 15, 1910, with the curable defects that the capacity of Antonio Sánchez y González, as managing partner of the firm, was not shown and that it did not state the measurements of the upper floor on each side; that it is not shown that the same was built, and that the declaration of the builder who constructed it was not attached; that no permission was obtained from the municipal council for the building thereof, or that the building complies with the necessary requirements of safety as provided for by municipal ordinance, compliance with which requirements are necessary for the admission to record of newly constructed buildings.

An appeal has been taken from the decision of the Registrar of Property of San Germán by A. Sánchez & Co. S. en C., except as to the part relative to the fact that the capacity of Antonio Sánchez González has not been shown as the managing partner of the firm, and the appellant accepts, and is disposed to cure, that defect, and prays that the record be entered without the other defects entered or noted by the registrar.

After an examination of the decision appealed from and of the Mortgage Law and of the Regulations for the execution thereof, we find that neither the law nor the regulations provide what class of title must be presented to secure the record of houses newly constructed or rebuilt.

The General Directorate of Registries of Spain decided on the 22d and 31st of August, 1863, that it was not necessary to record a house rebuilt upon a lot originally recorded nor to

show possession thereof, because the building is appurtenant to the soil, and if the lot is recorded the building must also be considered to be recorded, and subsequently by its decision of December 22, 1898, it held that, although a deed wherein different improvements to an urban property are made to appear, is not included under the titles which, according to the Mortgage Law and the Regulations for the execution thereof, are subject to record, it is also true that there is no provision whatever which either directly or indirectly prohibits the record thereof in the books of registrars of property, and, far from such a record being improper, it is beneficial to the property owner and to third persons because by such a formality the description of the property in the registry will show the true condition thereof immediately, it not being necessary to wait until a deed or contract is executed which is necessarily subject to record.

In accordance with the doctrine above set forth, we are of the opinion that the deed of November 5, 1909, describing the improvements made upon the house which the firm of A. Sánchez & Co. purchased from Ernesto Forestier y Ruiz is recordable, and this being so, it should have been admitted to record without the defects noted by the Registrar of Property of San Germán, because there is no provision whatever of the Mortgage Law or of the Regulations for the execution thereof, requiring the fulfillment of the formalities which the registrar in his decision has noted in order that the same may be admitted to record. The house was already recorded in the registry and the improvements thereon belonged to the owner by accession. Whether or not permission was obtained from the municipal council of San Germán to make the improvements or modifications, and whether or not such improvements came up to the necessary standard of security and safety are not facts which could affect the ownership of the house in question, and the firm of Sánchez & Co. could always be held responsible for any act or omission whether or not the same were noted in the registry of property.

For the reasons set forth we are of the opinion that the decision of the Registrar of San Germán entered at the end of the deed of November 15, 1909, in so far as appealed from, should be reversed, and it is hereby ordered that the deed be recorded without the defects therein set forth and to which this appeal refers.

*Reversed.*

Justices MacLeary, Wolf and del Toro concurred.

Mr. Justice Figueras did not sit at the hearing of this case.